# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS

No. 14-545V

**Filed: June 20, 2016**

| | |
|---|---|
| * * * * * * * * * * * * * * * * * <br> BRENDA WIECKHORST and MICHAEL, * <br> WIECKHORST, on behalf of M.P.W., a * <br> minor child, * <br>         * <br>       Petitioner, * <br>         * <br> v.       * <br>         * <br> SECRETARY OF HEALTH   * <br> AND HUMAN SERVICES,   * <br>         * <br>      Respondent. * <br> * * * * * * * * * * * * * * * * | UNPUBLISHED <br><br> Special Master Hamilton-Fieldman <br><br><br> Joint Stipulation on Damages; <br> Influenza ("Flu") Vaccine; <br> Chronic Inflammatory <br> Demyelinating Polyneuropathy <br> ("CIDP"). |

Danielle A. Strait, Maglio, Christopher, & Toale, P.A., Washington, D.C., for Petitioners.
Ryan D. Pyles, United States Department of Justice, Washington, D.C., for Respondent.

### DECISION[1]

On June 25, 2014, Brenda and Michael Wieckhorst ("Petitioners") filed a petition on behalf of their minor child, M.P.W., pursuant to the National Vaccine Injury Compensation Program.[2] Petitioners alleged that the administration of the Influenza ("Flu") vaccine, on

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the purposes espoused in the E-Government Act of 2002. *See* 44 U.S.C. § 3501 (2012). Each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 (2012).

October 4, 2011, caused M.P.W. to develop chronic inflammatory demyelinating polyneuropathy ("CIDP").

On June 20, 2016, the parties filed a stipulation in which they state that a decision should be entered awarding compensation. Respondent denies that the Flu vaccine is the cause of M.P.W.'s alleged CIDP or any other injury. Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that Petitioner shall receive the following compensation:

(a) A lump sum of **$270,000.00**, in the form of a check payable to [P]etitioners, on behalf of M.P.W.;  and

(b) A lump sum payment of **$30,000.00** for past unreimbursable [sic] expenses in the form of a check payable to [P]etitioners. This amount and the amount described in paragraph . . . (a) above together represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

Stipulation for Award at 2, ECF No. 48.

The undersigned approves the requested amount for Petitioners' compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

    **IT IS SO ORDERED.**

s/ Lisa Hamilton-Fieldman
Lisa Hamilton-Fieldman
Special Master

---

[3] Entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review. Vaccine Rule 11(a).